FILED
United States Court of Appeals
Tenth Circuit

May 12, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

REINZIE FELIX ESFANDIARY,

Petitioner,

v.

MICHAEL B. MUKASEY,[*]
Attorney General,

Respondent.

No. 07-9535
(Petition for Review)

---

**ORDER AND JUDGMENT**[**]

---

Before **LUCERO** and **PORFILIO**, Circuit Judges, and **BRORBY**, Senior Circuit
Judge.

---

Reinzie Felix Esfandiary seeks review of a final order of removal issued by

the Board of Immigration Appeals (BIA), adopting and affirming an Immigration

Judge's (IJ's) denial of Mr. Esfandiary's applications for asylum, restriction on

---

[*]     Pursuant to Fed. R. App. P. 43(c)(2), Michael B. Mukasey is substituted for
Alberto R. Gonzales as the respondent in this appeal.

[**]     After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

removal, and relief under the Convention Against Torture (CAT). For the reasons set forth below, the petition for review is dismissed in part and denied in part.

## I. Background

Mr. Esfandiary is a native and citizen of Indonesia. He entered the United States in July 1993 as a non-immigrant visitor and remained in this country beyond the six-month period authorized by his visa. In April 2003, the Department of Homeland Security served him with a Notice to Appear. In removal proceedings, Mr. Esfandiary conceded he was removable as charged and filed for relief in the form of asylum, restriction on removal, and protection under the CAT.

In 2005, Mr. Esfandiary received a hearing on the merits. At the outset, the IJ denied Mr. Esfandiary's request for a continuance to allow him to attempt to establish eligibility for cancellation of removal. The IJ then invited Mr. Esfandiary to testify. Mr. Esfandiary stated that he was a practicing Catholic in Indonesia, but he has since become a Seventh Day Adventist. He had attended Catholic school as a child and said he was fearful attending such a school because Christian schools were rare and his school was surrounded by Muslim schools. He explained that those attending Catholic school were not "free in [their] movements" and were not "free in [their] speech." Admin. R. at 73. He was forbidden from celebrating Christmas and was forced to study Arabic. He testified that he had seen in the newspaper and on the Internet that Muslims kill

-2-

Christians. But he conceded that he had never suffered physical harm on account of his religion. He believes that the situation for Christians in Indonesia has worsened since he left. And his fear of returning to Indonesia has increased since the birth of his infant son, who has a disability associated with his spinal cord and kidneys. Mr. Esfandiary stated that if his son does not receive good medical treatment like he does in the United States, "he will die." *Id.* at 78. He also stated that the disabled are discriminated against in Indonesia: they "can't do anything," they are not "able to work," and they "have to stay at home." *Id.* at 84. Finally, he indicated that if he returned to Indonesia, he would continue to be a Seventh Day Adventist.

The IJ issued an oral decision denying the relief sought. The IJ found Mr. Esfandiary's 2003 asylum application was not filed within the one-year statutory time limit and he failed to show extraordinary or changed circumstances sufficient to excuse his untimely filing. The IJ further found that Mr. Esfandiary "would be able to find an area in Indonesia to live [where] the possibilities of harm are very slight" and concluded that he did not meet his burden of proving eligibility for restriction on removal or protection under the CAT. *Id.* at 43.

The BIA adopted and affirmed the IJ's decision and dismissed the appeal. Specifically, after determining that the record supported the IJ's finding that Mr. Esfandiary was not eligible for asylum, the BIA "agree[d] with the Immigration Judge that [Mr. Esfandiary] failed to demonstrate that he would more

-3-

likely than not face persecution on account of a protected ground or torture for any reason upon return to Indonesia." *Id.* at 2. The BIA then observed that Mr. Esfandiary, in his brief to the BIA, had argued only one issue: that the IJ "abused his discretion by denying [Mr. Esfandiary's] motion for a continuance." *Id.* at 3. The BIA disagreed, noting that it is a matter of prosecutorial discretion whether and when to commence removal proceedings and that Mr. Esfandiary had failed to show good cause to warrant a continuance.

In this court, Mr. Esfandiary asserts that he met his burden of showing he is eligible for restriction on removal and CAT relief, and it is therefore "not reasonable" for him "to relocate internally in Indonesia." Pet'r Br. at 4. He also attempts, as far as we can tell, to raise a claim that there exists a pattern or practice of persecution against Christians in Indonesia.

## II. Jurisdiction

As a preliminary matter, we must determine whether we have jurisdiction to review the issues raised by Mr. Esfandiary. *See Diallo v. Gonzales*, 447 F.3d 1274, 1281 (10th Cir. 2006). Our jurisdiction to review a final order of removal arises under 8 U.S.C. § 1252(a), but it is not unlimited. Here, it is unclear whether Mr. Esfandiary intends to challenge the BIA's denial of asylum. He takes issue with the BIA's finding that his asylum application was untimely in his petition for review, but he does not address the timeliness of his asylum application in his opening brief; instead, he makes passing references to asylum,

-4-

*see* Pet'r Br. at 5.  Generally, arguments not raised or inadequately presented in an opening brief are deemed waived.  *Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007); *Krastev v. INS*, 292 F.3d 1268, 1280 (10th Cir. 2002).  But even assuming he did not waive the argument, we do not have jurisdiction to review the BIA's timeliness determination because Mr. Esfandiary does not raise "a constitutional claim or question of law."  *Diallo*, 447 F.3d at 1281.

Further, Mr. Esfandiary failed to raise on appeal to the BIA his pattern-or-practice claim.  *See Sidabutar v. Gonzales*, 503 F.3d 1116, 1118 (10th Cir. 2007) ("[W]e generally assert jurisdiction only over those arguments that a petitioner properly presents to the BIA."); 8 U.S.C. § 1252(d)(1).  Nor did the BIA take up the issue on its own and rule on it.  *Cf. Sidabutar*, 503 F.3d at 1122 (finding no failure to exhaust administrative remedies where the BIA sufficiently considered claim, even though claim had not been raised before the BIA on appeal).  Thus, to the extent he raises a pattern-or-practice claim in this court, we are without jurisdiction to review it.

### III.  Remaining Claims

We do, however, possess jurisdiction to review Mr. Esfandiary's restriction on removal and CAT claims—even though he did not brief those claims before

the BIA—because the BIA considered and ruled on them.  *See id.*  This court reviews

> a BIA decision . . . for substantial evidence supporting the agency's decision.  [O]ur duty is to guarantee that factual determinations are supported by reasonable, substantial and probative evidence considering the record as a whole.  Agency findings of fact are conclusive unless the record demonstrates that any reasonable adjudicator would be compelled to conclude to the contrary.  We do not weigh the evidence or . . . evaluate the witnesses' credibility.

*Id.* (citations and quotations omitted).  Because a single member of the BIA affirmed the IJ's decision in a brief order, *see* 8 C.F.R. § 1003.1(e)(5), we review the BIA's opinion rather than the IJ's decision.  *See Sidabutar*, 503 F.3d at 1123.  However, "when seeking to understand the grounds provided by the BIA, we are not precluded from consulting the IJ's more complete explanation of those same grounds."  *Id.* (quotations omitted).  "In other words, because an (e)(5) affirmance is, by definition, a truncated process which can rest on what has been said below, we may consult the IJ's opinion to the extent that the BIA relied upon or incorporated it."  *Sarr v. Gonzales*, 474 F.3d 783, 790 (10th Cir. 2007).

To be eligible for restriction on removal, Mr. Esfandiary must establish that his "life or freedom would be threatened in [Indonesia] because of [his] race, religion, nationality, membership in a particular social group, or political opinion."  8 U.S.C. § 1231(b)(3)(A).  That is, he "must establish a clear probability of persecution on account of one of the statutorily protected grounds listed above."  *Uanreroro v. Gonzales*, 443 F.3d 1197, 1202 (10th Cir. 2006)

(quotations omitted). "A clear probability means the persecution is more likely than not to occur upon return." *Id.* (quotations omitted).

"To receive the protections of the CAT, an alien must demonstrate that it is more likely than not that he will be subject to torture by a public official, or at the instigation or with the acquiescence of such an official." *Sidabutar*, 503 F.3d at 1125 (quotations omitted). A CAT claim differs from a restriction on removal claim in that "there is no requirement that the petitioner[] show that torture will occur on account of a statutorily protected ground." *Id.* (quotations omitted).

Mr. Esfandiary contends that the BIA erroneously agreed with the IJ's determination (1) that he is ineligible for restriction on removal because he "has demonstrated that it is more likely than not that he would suffer from religious persecution" if he returns to Indonesia, Pet'r Br. at 6, and (2) that he is ineligible for CAT relief because his "credible testimony regarding his future fears" demonstrated that "it is more likely than not that he would be tortured if removed to Indonesia." *Id.* at 9. These cursory assertions fall far short of demonstrating that, based on the record, "any reasonable adjudicator would be compelled to conclude" that Mr. Esfandiary is entitled to restriction on removal or CAT relief. *Sidabutar*, 503 F.3d at 1122. Rather, substantial evidence in the record supports the agency's determinations that Mr. Esfandiary failed to demonstrate he would more likely than not face persecution or torture if he returned to Indonesia. Likewise, Mr. Esfandiary's contention that it is unreasonable for him to relocate

internally in Indonesia is without merit. The IJ's findings are clearly supported by substantial evidence in the record and Mr. Esfandiary does no more than summarily assert fear of persecution by Muslims in Indonesia.

## IV. Conclusion

The petition for review is DISMISSED for want of jurisdiction as to Mr. Esfandiary's asylum and pattern-or-practice claims, and it is DENIED as to his restriction on removal and CAT claims.

Entered for the Court


John C. Porfilio
Circuit Judge